# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| JOE MCKINLEY JONES ) <br> ADC # 108478 ) <br>    Petitioner, ) <br> v. ) <br> ) <br> RAY HOBBS, Director, Arkansas ) <br> Department of Correction ) <br>    Respondent. ) | **Case No. 5:13-CV-00063 JLH-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by Joe McKinley Jones. (Doc. Nos. 2, 11). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

The current petition challenges two separate Sebastian County, Arkansas convictions that arose from a controlled purchase of narcotics by the Fort Smith Police Department on March 30, 2010.

The first took place on October 11, 2010, and he was convicted of possession of cocaine with intent to deliver and possession of drug paraphernalia. He was sentenced as a habitual offender to consecutive terms of 100 years' imprisonment and 30 years' imprisonment, respectively. *State v. Jones*, CR-2010-372. He appealed his convictions to the Arkansas Court of

Appeals, arguing that (1) the officers lacked probable cause to stop and arrest him and conduct a search of his vehicle and (2) the introduction of the crime laboratory report without cross-examination violated his right to confront the witness against him. *Jones v. State*, 2011 Ark. App. 683. On November 9, 2011, the Arkansas Court of Appeals affirmed Petitioner's convictions. Petitioner did not seek discretionary review of the decision in the Arkansas Supreme Court. On December 13, 2011, Petitioner filed a petition for post-conviction relief under Arkansas Rules of Criminal Procedure Rule 37, which the circuit court denied on the merits on December 19, 2011. Jones did not appeal the circuit court's denial.

The second took place on June 14, 2011, and he was convicted of delivery of cocaine. He was sentenced as a habitual offender to 90 years' imprisonment. *State v. Jones*, CR-2010-546. On June 30, 2011, Petitioner filed a pro se motion for new trial claiming, among other things, that his trial counsel was ineffective. That motion was denied, and Petitioner appealed his conviction to the Arkansas Court of Appeals, arguing that the evidence was insufficient to support his conviction. *Jones v. State*, 2012 Ark. App. 581. He did not seek discretionary review of the decision in the Arkansas Supreme Court or any post-conviction relief or other collateral review.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) he received ineffective assistance of trial and appellate counsel in a litany of ways, 2) he received ineffective assistance of counsel on postconviction review,[1] and 3) he was denied the right to

---

[1] Respondent also responded regarding the legality of Petitioner's sentence and a freestanding claim based on the lack of postconviction counsel. To the extent that Petitioner's petitions can be read as making these claims, they are without merit.

postconviction review because the circuit court clerk thwarted his efforts to obtain review. However, his claims fail because they are time barred, procedurally defaulted, and without merit.

## I. Statute of Limitations

Respondent contends that Petitioner's claims related to his first conviction, case CR-2010-372, are barred by the statute of limitations. Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The relevant starting date for limitations purposes here was November 29, 2011. It was tolled shortly after this because Petitioner sought postconviction review on December 13, 2011. That petition was denied on December 19, 2011, so the limitations period began to run again. It expired on December 4, 2012, and the present petition was not filed until February 26, 2013.

Petitioner contends that the period should have been tolled because the State failed to provide him counsel for postconviction review, but that argument is without merit. As noted by Respondent, there is no constitutional right to postconviction counsel, *Coleman v. Thompson*, 501 U.S. 722 (1991). Further, there is nothing to indicate that the Supreme Court's decisions in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), affected the statute of limitations. Accordingly, Petitioner's claims regarding the conviction in CR-2010-372, are barred by the statute of limitations.

## II. Procedural Default

Petitioner's claims are procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are

available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. at 732). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Even if it is assumed that Petitioner's lack of postconviction counsel established cause for the default of his ineffective assistance claims, Petitioner has failed to establish the requisite prejudice. First, there was an overwhelming amount of evidence to support his conviction. Second, the majority of his ineffective assistance claims are simply unsupported conclusions, and notice pleading is insufficient in habeas cases. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief."). Petitioner fails to explain what evidence was withheld, which witnesses should have been called, what the testimony of those witnesses would have been, or what part of the State's case should have been challenged. Accordingly, Petitioner's claims are procedurally defaulted and without substance.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 2, 11) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of August, 2014.

_____
United States Magistrate Judge